DUGGAN v. HARRISON et al.

Where a testator, after making in his will several specific be-
quests, disposed of all his land and other property which might
remain after the settlement of these bequests, in the following
words: "I give and bequeath [the land, etc.] to my five chil-
dren that remain with me, to wit [here designating by name
five persons, including his executor and executrix], to have and
to hold in common for a home and support so long as they re-
main together. Should one or more leave, they can take such
as is given them individually in this will, but have no share
or control of this that is given in common, without the consent
and signature of those that remain on the place. No one or
more shall sell, lease, rent or in any way convey to any other
than those that remain on the place, without the signature of
the five named in this item." Held, that whatever may be the
interest of one of these devisees, a daughter of the testator,
either in the realty itself or in its income during a period of
many years while she was absent from the land and the other
four remained upon and used and enjoyed the same in common,
she is not entitled to maintain in the court of ordinary a
petition to require the executor and executrix, as such, to make
a return of the rents, issues and profits of the land during the
time of her absence.

February 10, 1896.

Appeal. Before Judge Gamble. Washington superior
court. September term, 1894.

On May 10, 1894, Martha W. Duggan, a daughter of
W. D. Harrison, cited W. T. and Saleta Harrison, the
executors of the will of W. D. Harrison, to make return of
their acts as such. On appeal the case was submitted to
the judge upon agreement of facts, the case turning on the
construction of the will. This was dated February 19,
1877; and the testator died in the same year. After pro-
viding for the payment of debts, and devising sundry por-
tions of personalty and money to his children, including the
plaintiff, the testator directed:

"That all my lands and other property, after the above
named bequests have been settled, I give and bequeath to
my five children that remain with me, to wit: Saleta B.,

Emma S., Martha W., Mary J., and William T., to have and to hold in common for a home and support so long as they remain together. Should one or more leave, they can take such as is given them individually in this will, but have no share or control of this that is given in common, without the consent and signature of those that remain on the place; no one or more shall sell, lease, rent or in any way convey to any other than those that remain on the place, without the signature of the five named in this item."

At the time of the testator's death, all of the legatees named in this item were living with the testator in Washington county; plaintiff having four minor children living with her. She lived there until 1881 or 1882, but has since been there only at long intervals and for a few days at a time, though some of her personal property is there now; she spending her time mainly with her children, her daughters having married. She and her three sisters were dependent on their father, she being a widow, and they elderly unmarried ladies. W. T. Harrison was unmarried until 1893. The estate conveyed by the item before quoted consists of about 400 acres of land in Washington county, on which testator and these legatees resided, and about 200 acres in Johnson county, and some personal property. The Johnson county land was appraised at $500, and is estimated to be worth about $1,000 now. Plaintiff has received nothing as rents and profits from said place since 1881, or from the estate, except the special legacy given her in a previous item of the will. The four remaining have received the entire income of the estate. All of these legatees are over fifty years of age.

The court ruled as follows: "The intention of the testator was, that his five children should equally enjoy his realty; and he contemplated that they would live together on the old homestead and enjoy its usufruct, as well as that derived from the Johnson county lands. If any of said legatees should abandon said place, said legatees so leaving would have the right to return, but during their absence

would have no voice in the control and management of the property, and would not be entitled to any of the income during said absence, without written consent of those remaining. If any of them should leave and then return, they would have the same rights after returning as they had before; by leaving the homestead they did not forfeit all interest in the property. By the written consent of the five legatees, the property can be sold to a stranger, and each legatee would have a fee simple title to his share. Each has the power to sell his share to either of the others, without any written consent from the others; but no sale of a share could be made to a stranger, without the written consent of all. The plaintiff has a right to return to the premises and enjoy the income and participate in its management along with those remaining on the premises; but she cannot compel a partition of the same. If no sale should be made by the legatees, as authorized by the will, upon the death of the survivor the property would revert to the estate of the testator and descend to his heirs at law. I say revert: I should rather say, the estate would be left in the testator's estate, and go to his heirs at law; the estate created being an executory devise, and not an estate in remainder or reversion."

To this decision the plaintiff excepted.

*J. A. Harley*, for plaintiff.
*R. H. Lewis*, for defendants.

LUMPKIN, Justice.

The facts of this case appear in the official report.

The only question really presented for our determination is, whether or not Mrs. Duggan was entitled to maintain, in the court of ordinary, a petition for a citation against W. T. Harrison as executor, and Saleta Harrison as executrix, the purpose of which was to require them to make a return of the rents, issues and profits of the land devised

to herself . and the other four children by their father, W. D. Harrison.

The terms of the will, so far as it relates to this land, are peculiar, and it is quite a difficult matter to determine what is the precise interest of Mrs. Duggan, either in the land itself or in its income during the period whilst she was absent from the premises and the other devisees remained upon, used and enjoyed the property in common. We are quite certain, however, she has no right to demand of W. T. Harrison and Saleta Harrison, in their representative capacity, an accounting as to the income of the land during the time she was absent.

The executor and executrix, by living upon the land and permitting the other devisees to do so, assented to the legacy, in so far as the income was concerned; and all of these parties accepted the legacy, to this extent, by thus enjoying its fruits. If Mrs. Duggan was entitled to any of the rents and profits which accrued during the period of her voluntary absence, her claim is surely not against the estate of the testator, but is a claim against the other four in their individual capacities. We are not now called upon to decide whether or not, as individuals, they are liable to her; and accordingly, we make no ruling whatever upon that question.

The effect of the order passed by the trial judge before whom the case came on for a hearing upon an appeal from the court of ordinary was to dismiss the plaintiff's application, and the judgment rendered was unquestionably right. We have not, however, undertaken to decide as to the correctness of the construction placed by the judge upon the will under which this litigation arose.

*Judgment affirmed.*